UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____ :
                                  :
SHAWN ARCHIE, SR., et al.,        :
                                  :
          Plaintiffs,             :    Civ. No. 21-1095 (NLH)
                                  :
     v.                           :         OPINION
                                  :
                                  :
ROBERT CHETIRKIN, et al.,         :
                                  :
          Defendants.             :
_____ :

APPEARANCES:

Shawn Archie, Sr.,
974313G
Southern State Correctional Facility
4295 Route 47
Delmont, NJ 08314

Alujama Shakur
580079B
Southern State Correctional Facility
4295 Route 47
Delmont, NJ 08314

Charles Turlington
592932B
Southern State Correctional Facility
4295 Route 47
Delmont, NJ 08314

Kareem Blocker
162061C
Southern State Correctional Facility
4295 Route 47
Delmont, NJ 08314

William Spencer, Jr.
Southern State Correctional Facility
4295 Route 47
Delmont, NJ 08314

        Plaintiffs Pro se

HILLMAN, District Judge

 Plaintiffs are a group of inmates presently incarcerated at Southern State Correctional Facility in Delmont, New Jersey, proposing to file a class action regarding the conditions of their confinement in light of the coronavirus COVID-19 pandemic. ECF No. 1.

 Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance.  Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed in forma pauperis.

 The entire fee to be paid in advance of filing a civil complaint is $402.  That fee includes a filing fee of $350 plus an administrative fee of $52, for a total of $402.  A prisoner who is granted in forma pauperis status will, instead, be assessed a filing fee of $350 and will not be responsible for the $52 administrative fee.  A prisoner who is denied in forma pauperis status must pay the full $402, including the $350 filing fee and the $52 administrative fee, before the complaint will be filed.

 Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are attempting to bring a civil action in forma pauperis.  Under §

1915, a prisoner seeking to bring a civil action in forma pauperis must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee.  28 U.S.C. § 1915(a)(1).  The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint.  28 U.S.C. § 1915(a)(2).  The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period.  Id.

If the prisoner is granted in forma pauperis status, the prisoner must pay the full amount of the filing fee, in installments, as follows.  28 U.S.C. § 1915(b)(1).  In each month that the amount in the prisoner's account exceeds $10.00, until the filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court an installment payment equal to 20% of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).

Plaintiffs may not have known when they submitted this Complaint that they must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which

3

relief may be granted; or (3) seeks monetary relief against a
defendant who is immune from such relief.  28 U.S.C. §
1915(e)(2)(B) (in forma pauperis actions).  See also 28 U.S.C. §
1915A (dismissal of actions in which prisoner seeks redress from
a governmental defendant).  If the Court dismisses the case for
any of these reasons, § 1915 does not suspend installment
payments of the filing fee or permit the prisoner to get back
the filing fee, or any part of it, that has already been paid.

        If the prisoner has, on three or more prior occasions while
incarcerated, brought in federal court an action or appeal that
was dismissed on the grounds that it was frivolous or malicious,
or that it failed to state a claim upon which relief may be
granted, he cannot bring another action in forma pauperis unless
he is in imminent danger of serious physical injury.  28 U.S.C.
§ 1915(g).

        The Prison Litigation Reform Act requires "each prisoner to
pay a full fee" when multiple prisoners are plaintiffs.  Hagan
v. Rogers, 570 F.3d 146, 155 (3d Cir. 2009).  None of the named
plaintiffs have submitted the filing fee or in forma pauperis
applications.  The Court will instruct the Clerk send Plaintiffs
in forma pauperis applications.  All plaintiffs must complete
the applications and submit certified account statements.

CONCLUSION

  For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action, without filing the Complaint or assessing a filing fee.[1]  The Clerk will be directed to reopen the matter once Plaintiffs submit a new application or pay the filing fee.

  An appropriate Order follows.


Dated: January 27, 2021   s/ Noel L. Hillman
At Camden, New Jersey   NOEL L. HILLMAN, U.S.D.J.

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely.  See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).