**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAWN ARCHIE, SR., et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROBERT CHETIRKIN, et al., <br><br> Defendants. | Civil Action No. 21-1095 (KMW) (MJS) <br><br> **OPINION** |

**WILLIAMS,** District Judge:

This matter comes before the Court on the motion to dismiss filed in this prisoner civil rights matter by Defendants[1] Erin Nardelli and Southern State Correctional Facility. (ECF No. 37.) Plaintiffs, through Plaintiff Archie, filed a letter in response to the motion (ECF No. 38), to which Defendants replied. (ECF No. 39.) Also before the Court is Plaintiff Archie's letter requesting to add an additional Defendant to this matter (ECF No. 40), which Defendants oppose (*see* ECF No. 41). For the following reasons, this Court will grant the motion to dismiss, will dismiss Plaintiff's claims against Nardelli and Southern State Correctional Facility, and will deny Plaintiff's informal request to amend his complaint.

---

[1] Plaintiffs' complaint also names several additional Defendants, but at this time only Nardelli and Southern State have been successfully served with the complaint. Thus, in referring to "Defendants" in this opinion, this Court refers solely to Nardelli and Southern State as they are the only served Defendants who are currently involved in this matter.

I.   **BACKGROUND**

Plaintiffs, all of whom are convicted state prisoners, seek to bring suit in this matter challenging the medical conditions they have faced while imprisoned in two state facilities – the Central Reception and Assignment Facility, in which they were initially housed before being assigned a prison, and Southern State Correctional Facility, in which they are currently detained – during the prisons' response to COVID-19. (ECF No. 1 at 1-18.) Specifically, Plaintiffs allege that, despite prison policies aimed at reducing the spread and risk of COVID-19 infection, they have been denied the ability to fully socially distance, and their living facilities have not been adequately sanitized. (*Id.*) Plaintiffs further contend that prison staff are not adequately following the prison's guidelines for proper COVID-19 protocols, including proper testing procedure, testing timing, and other variances from stated policy. (*Id.*) In their complaint, however, Plaintiffs admit that Southern State has adopted a number of policies designed to address COVID-related concerns including frequent COVID testing, and the quarantining or isolation of those who test positive or were in close proximity to the infected. (*Id.*) Finally, Plaintiffs allege that medical appointments for non-COVID issues are being cancelled while inmates are in COVID-related medical quarantine or isolation. (*Id.* at 9.) Plaintiffs' complaint is pled in a very general manner – they make little if any effort to directly connect Defendant Nardelli or the prison itself to their claims, and instead rely on allegations of the failure of other employees of the prison to follow perceived proper protocol as the basis for their claims against Defendants. (*Id.* at 1-18.)

II.  **LEGAL STANDARD**

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed

2

factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

### III.   DISCUSSION

In their complaint, Plaintiffs seek to raise claims against Defendants based on Defendants alleged deliberate indifference to their medical needs in the form of either the danger of serious illness resulting from COVID-19 infection or as the result of cancelled medical appointments. Defendants Nardelli and Southern State move to dismiss those claims arguing that Nardelli in her

3

official capacity and the prison itself are immune from suit for damages or are otherwise not proper civil rights Defendants, that the complaint fails to state a plausible claim for relief as to Nardelli specifically because it fails to set forth her personal involvement in the alleged wrongs, and because Plaintiffs seek to proceed on a class basis but have failed to acquire an attorney or show an entitlement to pro bono counsel as of yet. Turning first to the issue of the propriety of Defendants being named in this civil rights matter, it is true that a state prison such as Southern State prison is not a person subject to suit in a federal civil rights matter, and must therefore be dismissed from this matter. *See, e.g., Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013); *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280-81 (D.N.J. 2013). Defendants are also correct that, to the extent Plaintiffs seek monetary damages, Nardelli is immune from suit in her official capacity, as a suit against her in her official capacity is no different from a suit against her employer – the prison - itself. *See, e.g., Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978); *Grohs*, 984 F. Supp. 2d at 280-81. Plaintiffs' official capacity claims against Nardelli seeking money damages must therefore be dismissed.

Defendants also argue that Plaintiffs have failed to plead a cognizable basis for relief against Nardelli in any event as they have failed to plead facts indicating her personal involvement in the alleged wrongs. A defendant may only be held liable in a federal civil rights matter where he had personal involvement in the alleged wrongs. *See, e.g., Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). As a supervisor may not be held vicarious liable for the actions of his subordinates, a supervisory defendant will only be subject to a civil rights suit where he was directly involved in the alleged violation, directed others to engage in the alleged improper conduct, or had *actual* knowledge of the alleged wrong and acquiesced in its occurrence. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 222 (3d Cir. 2015).

Here, Plaintiffs attempt to plead claims based on Defendants' alleged deliberate indifference to their medical needs. In order to make out a claim for a defendant's deliberate indifference to his medical needs in violation of the Eighth Amendment, a plaintiff must prove that he had a sufficiently serious medical need and that the defendants engaged in acts or omissions which demonstrate that the defendants were deliberately indifferent to that need. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). An act or omission will amount to deliberate indifference where it indicates that the defendant "knows of and disregards an excessive risk to inmate health or safety." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). An inmate's medical need will in turn be sufficiently serious to support an Eighth Amendment claim where the need "has been diagnosed as requiring treatment or is so obvious that a lay person would easily recognize the necessity of a doctor's attention." M*onmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988). A defendant may also be held liable where that defendant had "knowledge of the need for medical care [and] . . . intentional[ly] refus[ed] to provide that care." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987). In such an instance, the denial of medical care for non-medical reasons resulting in "undue suffering or the threat of tangible residual injury" will be sufficient to make out a claim for relief. *Id.* at 346-47.

While the Third Circuit has approved of the applicability of a deliberate indifference claim to the COVID-19 context, the Third Circuit has strictly cautioned against finding a constitutional violation in a prison's response to the unprecedented and novel situation faced during the ongoing COVID-19 pandemic. *See Hope v. Warden York County Prison*, 972 F.3d 310, 325-31 (3d Cir. 2020). In evaluating claims arising out of the pandemic, courts must "ordinarily defer" to the expertise of prison officials in responding to COVID-19 unless there is "substantial evidence in the record that the officials have exaggerated their response" to the situation. *Id.* at 325-27. The

Third Circuit has therefore found that a prisoner will fail to show deliberate indifference to his medical needs where prison officials have taken some concrete steps aimed at alleviating or mitigating the threat posed by COVID-19 even where the prisoner has serious pre-existing medical conditions that may exacerbate a COVID infection as prisons cannot entirely "eliminate all risk" of infection, and the constitution requires no such perfect response. *Id* at 325-31.

In their complaint, Plaintiffs do not plead any facts indicating that Defendant Nardelli, the prison administrator for Southern State Prison, was actually aware of the alleged deficiencies giving rise to their complaints. Although the complaint has multiple allegations of individual guards or nurses failing to follow *established* prison policies, Plaintiffs provide nothing but conclusory allegations to suggest that Defendant was aware of any of these failures, or of the specific issues or medical risks each Plaintiff faces. What the complaint does indicate, however, is that the prison – most likely through its Administrator and other prison staff – *has* adopted numerous policies aimed at mitigating the threat of COVID-19, including quarantine, isolation, and frequent testing rules. The allegations in the complaint therefore indicate that Nardelli has taken action aimed at alleviating COVID-19's spread and threat, and fails to show that she was aware of or disregarded any serious risk the virus actually poses to Plaintiffs specifically. Plaintiffs' have thus failed to plead Defendant Nardelli's personal involvement in the alleged wrongs, and have failed to plead facts sufficient to permit an inference of liability on their COVID-related claims.

Plaintiffs' claims related to cancelled medical appointments fair no better. Although Plaintiffs indicate that multiple medical appointments have been cancelled for those in quarantine, they do not assert that Defendant Nardelli had anything to do with these cancellations, or that she was in any way aware of them. They have provided no allegations connecting Nardelli to these cancellations at all. Plaintiffs have thus failed to plead a plausible claim for relief against Nardelli

6

as to these claims as well. *Natale*, 318 F.3d at 582 (defendant must be aware of and, with at least deliberate indifference, deny or refuse needed care to be liable). Plaintiffs' claims against Nardelli must therefore be dismissed without prejudice at this time. Because this Court will dismiss all of Plaintiffs claims against the moving Defendants, this Court need not address Defendants' arguments related to class sufficiency or the propriety of Plaintiffs continuing to pursue class certification without hiring counsel.

Finally, the Court notes that in January 2022, Plaintiff Archie submitted a letter request, purportedly on behalf of himself and the other remaining Plaintiffs,[2] to add an additional Defendant – the prison's new Administrator Donald Bernard – to this matter. (ECF No. 40.) Plaintiff Archie's letter request is not accompanied by a proposed amended complaint containing clear claims against Bernard, nor was the request made by way of a formal motion. These deficiencies alone warrant the denial of this request. *See Lake v. Arnold*, 232 F.3d 360, 374 (3d Cir. 2000) (court may leave to amend where plaintiff fails to file proposed amended complaint); *Lewis v. Sessions*, No. 17-5475, 2017 WL 7313822, at *6 (D.N.J. Nov. 3, 2017) ("neither Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and supplemental pleadings, permits [a plaintiff] to submit . . . addenda to his Complaint in . . . piecemeal fashion"). As Plaintiffs have not filed a formal motion to amend which contains a proposed amended

---

[2] The Court notes that nearly all of the submissions in this matter have been made by Plaintiff Archie, and are often signed only by him as he seeks to act on behalf of himself and his co-Plaintiffs without any clear indication from the other Plaintiffs that they wish to join his efforts. Generally, a non-attorney may not act as a representative of another party as if they were that party's attorney. *See, e.g., Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012). Absent clear indication from the other Plaintiffs that they wish to join in Plaintiff Archie's requests, it is therefore not proper for Plaintiff to act as a single representative Plaintiff given the current state of this matter. Any such future requests should therefore contain a clear indication from *all* Plaintiffs that they wish to amend their complaint.

complaint signed by *all* of the Plaintiffs, Plaintiffs' request to amend their complaint through a letter in piecemeal fashion (ECF No. 40) is denied without prejudice.

## IV. CONCLUSION

In conclusion, Defendants' motion (ECF No. 37) is **GRANTED**, Plaintiffs' claims against Nardelli and Southern State Correctional Facility are **DISMISSED**, and Plaintiffs' informal amendment request (ECF No. 40) is **DENIED WITHOUT PREJUDICE**. An appropriate order follows.

Hon. Karen M. Williams,
United States District Judge

8